UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JESSIE L. MERCER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:07CV00059 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Jessie L. Mercer's Motion to Vacate, Set Aside or Correct Sentence [doc. #1] pursuant to Title 28 U.S.C. § 2255.

The Court entered an order in this case on February 28, 2008, which denied three of Petitioner's grounds for relief, and ordered that the remaining three be set for an evidentiary hearing. Petitioner's remaining grounds for relief were: ground one, ineffective assistance of counsel due to counsel's failure to inform Petitioner of the full effect of the Armed Career Criminal statute on Petitioner's sentencing; ground three, Petitioner's Plea was not knowingly and intelligently entered; and ground four, ineffective assistance of counsel due to counsel's failure to file a notice of appeal challenging the finding that car theft is a crime of violence. An evidentiary hearing was set for April 11, 2008, to address the remaining three grounds. This Court's prior order further stated that an eight month downward departure, which was requested by the Petitioner at trial, and not objected to by the Government, should have been granted. In accordance with this finding, the Court noted its intent to reduce Petitioner's sentence on it's own motion from 188 months to 180 months imprisonment.

1

The Parties appeared before the Court at the appointed time, and informed the Court that an agreement had been reached. The Parties agreed that the Government would concede Petitioner's Ineffective assistance claim on the basis that Petitioner's trial counsel should have appealed the finding that Petitioner was an armed career criminal due to an auto theft, ground four; Petitioner would be permitted to appeal that finding. In return for this concession, Petitioner agreed to dismiss his claims of ineffective assistance of counsel due to counsel's failure to inform Petitioner of the effect of the Armed Career Criminal statute, and to dismiss Petitioner's claim that his guilty plea was not knowing and voluntary.

In accordance with the Parties agreement the Court re-sentenced Petitioner on this date to 180 months, which started to run as of April 25, 2006. Petitioner has ten days from the date of this order to file an appeal challenging the finding that car theft is a crime of violence under the Armed Career Criminal statute.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [doc. #1] is resolved in accordance with the agreement of the Parties.

**IT IS FURTHER ORDERED** that Petitioner has ten days from the date of this order to appeal the finding in the pre-sentence report is a crime of violence.

Dated this 11th Day of April, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE